PAULA GERALD
v.
JAYSON GOMEZ, FORT TRANSFER COMPANY AND ZURICH NORTH AMERICAN INSURANCE COMPANY.
No. 2007 CA 1570.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
NOT DESIGNATED FOR PUBLICATION.
SPENCER H. CALAHAN, Counsel for Plaintiff/Appellant, Paula Gerald.
JEFFREY K. WARWICK, Counsel for Defendants/Appellees, Jayson M. Gomez, Fort Transfer Company and Zurich North American Insurance Company.
Before: WHIPPLE, GUIDRY, and HUGHES, JJ.
WHIPPLE, J.
This is an appeal by plaintiff, Paula Gerald,[1] from a judgment entered in conformity with a jury verdict rendered in a personal injury case. The accident at issue occurred on December 3, 2002, when the vehicle in which plaintiff was a guest passenger was struck by an 18-wheeler truck owned by defendant, Fort Transfer Company, insured by defendant, Zurich North American Insurance Company, and being operated by defendant, Jayson Gomez, while in the course and scope of his employment with Fort Transfer Company.

FACTS AND PROCEDURAL HISTORY
On October 24, 2003, plaintiff filed suit against Gomez, his employer, and his insurer for injuries allegedly arising from the accident. The matter was tried before a jury on June 27 and 28, 2006. The parties stipulated that defendants were at fault in causing the accident. Thus, given the stipulation as to liability, the sole issue at trial was the quantum due plaintiff for her alleged injuries and damages. At the conclusion of the trial, the jury rendered a verdict in favor of plaintiff and against defendants in the sum of $135,500.00, plus legal interest. The damages awarded by the jury were as follows:

 Past Medical Expenses $93,500.00
 Future Medical Expenses $15,000.00
 Past Physical Pain and Suffering $18,000.00
 Past Mental Anguish $ 0,000.00
 Future Physical Pain and Suffering
 And Mental Anguish $ 0,000.00
 Loss of Enjoyment of Life $ 9,000.00
 Permanent Impairment $ 0,000.00
 Past Lost Income $ 0,000.00
 Future Lost Income $ 0,000.00

On July 25, 2006, a written judgment in conformity with the jury's verdict was signed by the trial court. Dissatisfied with the jury's verdict, on August 8, 2006, plaintiff filed a motion for JNOV, or alternatively for additur or new trial, which was denied by the trial court. Plaintiff filed the instant appeal, contending that the jury erred in failing to render any award for certain items of damages and in rendering awards that were abusively low for others.
Specifically, she contends the awards of only $18,000.00 for her past physical pain and suffering, $9,000.00 for loss of enjoyment of life, and $15,000.00 for future medical expenses, respectively, were abusively low. Further, she contends the jury's refusal to grant any award for past mental anguish and past lost income, as well as the jury's failure to grant any award for future pain and suffering and mental anguish, while simultaneously finding that she would incur future medical expenses of $15,000.00, constitutes an abuse of discretion. Finally, she contends the jury erred in failing to award any amount for permanent impairment, given the "uncontested expert medical testimony" that she sustained a 10% to 15% "permanent total body disability."

DISCUSSION
At the outset, we note that the trier of fact is accorded much discretion in fixing general damage awards. LSA-C.C. art. 2324.1; Oden v. Gales, XXXX-XXXX (La. App. 1st Cir. 3/23/07), 960 So. 2d 114, 117. Indeed, the discretion vested in the trier of fact is great, even "vast," so that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corporation, 623 So. 2d 1257, 1261 (La. 1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
Moreover, the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Wainwright v. Fontenot, XXXX-XXXX (La. 10/17/00), 774 So. 2d 70, 74; Youn, 623 So. 2d at 1260. The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact. Youn, 623 So. 2d at 1260.
Before an appellate court can disturb the quantum of an award, the record must clearly reveal that the jury abused its discretion. In order to make this determination, the reviewing court looks first to the individual circumstances of the injured plaintiff. Theriot v. Allstate Insurance Company, 625 So. 2d 1337, 1340 (La. 1993). Reasonable persons frequently disagree about the measure of general damages in a particular case. Youn, 623 So. 2d at 1261. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or decrease the award. Youn, 623 So. 2d at 1261. Only after analysis of the facts and circumstances peculiar to the particular case and plaintiff may an appellate court conclude that the award is inadequate. Theriot, 625 So. 2d at 1340. Applying these precepts in the instant matter, we find no error.
The record reflects that after the accident, in an effort to alleviate her complaints of headaches and neck pain, plaintiff underwent chiropractic treatment by Dr. Jeff Rippel, which was deemed unsuccessful. Dr. Ripple then referred plaintiff to Dr. Arnold Feldman, an anesthesiologist specializing in pain management. Based on plaintiffs MRI films, Dr. Feldman diagnosed a herniated disc at C-5-6 for which he began providing pain management treatment to plaintiff in March of 2004. Initially, he related plaintiffs complaints to cervical degenerative disc disease. As of the time of trial in June of 2006, plaintiff was still receiving "pain management treatment" as ordered by Dr. Feldman.
Dr. Feldman's pain management treatment essentially consisted of five or six epidural steroid injections, a course of physical therapy, and two disc decompression procedures.[2] Notably, Dr. Feldman testified that as a result of this treatment, plaintiff was rendered almost pain free. Dr. Feldman testified that after her second disc decompression procedure, plaintiff's pain was "better" and was improved by "80% to 90%." Moreover, plaintiff conceded in her testimony that after the first disc decompression procedure, she was pain free for four to six months. Plaintiff further testified that she experienced no pain during the two disc decompression procedures and that the procedures provided relief from her pain symptoms. Plaintiff conceded that her injuries did not prevent her from marrying or traveling on a honeymoon trip. Although she contended that for financial reasons, she had been unable to obtain appropriate medical care to address her alleged ongoing medical problems, she was able to obtain financial assistance for (and underwent) other elective surgery and was employed full time after the accident. Further, while she claimed she eventually lost her job because of her ongoing medical appointments, and contends that she was erroneously denied an award for past or future lost income, the jury apparently accepted the defendants' contention that her loss of employment was attributable to her under performance or failure to meet her employer's expectations. On the record before us, we are unable to say the jury erred in these findings.
As reflected in the record, on June 9, 2005, plaintiff was evaluated by the defendant's chosen medical examiner, Dr. Thomas Flynn, a neurosurgeon. Although plaintiff claimed at trial that she had incurred the substantial medical expenses associated with pain management because she did not want to undergo a recommended cervical fusion surgery and further testified that she desired to manage her pain as long as possible with steroid injections and disc decompressions, Dr. Flynn testified that plaintiff suffered from degenerative disc disease and was not a candidate for a surgical fusion or any other type of invasive procedure. Instead, Dr. Flynn diagnosed plaintiff's condition as mild, early degenerative disc disease of the cervical spine, which pre-existed the accident of 2002, and he opined that he would have treated plaintiff with a course of conservative treatment. Dr. Flynn testified that any pain plaintiff was experiencing after the accident was, at best, the result of an aggravation of her pre-existing condition and should have lasted only three to four months.
In rejecting plaintiff's claim that she had sustained a permanent impairment, the jury obviously credited the testimony of Dr. Flynn, whose opinion was explained and supported by the medical evidence. Thus, the jury did not err in failing to render this award.
Further, we reject plaintiffs claim that the jury's verdict is inconsistent because the jury rendered an award for past and future medical expenses while refusing to grant an award for future pain and suffering and mental anguish. To the extent that the jury may have concluded that plaintiff was over-treated or received unnecessary treatment, yet still rendered an award in her favor for such treatment, the jury's verdict was proper and we find no error. As between a plaintiff and a tort feasor, a plaintiff is entitled, as a matter of law, to recovery even for unnecessary treatment if the cause of the unnecessary or excessive expense is shown to be attributable to the party whose fault caused the accident. Orgeron v. Prescott, 93-926 (La. App. 5th Cir. 4/14/94), 636 So. 2d 1033, 1041, writ denied, 94-1895 (La. 10/28/94), 644 So. 2d 654. Moreover, even where a jury renders an award for such past medical expenses or for future expenses to be incurred for evaluation and minimal treatment purposes, a plaintiff is not concomitantly or automatically entitled to an award for future physical pain and suffering or mental anguish, if the jury finds no evidence that plaintiff will experience such pain, suffering, or anguish. See Wainwright v. Fontenot, 774 So. 2d at 74-77. Further, the question of whether a fact finder rendered inconsistent awards is subject to an abuse of discretion standard. Wainwright v. Fontenot, 774 So. 2d at 75.
Thus, we reject as meritless plaintiff's argument that the jury verdict was inconsistent and improper and find no abuse of the jury's discretion in so rendering these awards. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Housley v. Cerise, 579 So. 2d 973, 976 (La. 1991); Sistler v. Liberty Mutual Insurance Company, 558 So. 2d 1106, 1112 (La. 1990). Even though an appellate court may feel like its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosen v. ESCO, 549 So. 2d 840, 844 (La. 1989).
Further, a jury is not manifestly erroneous in accepting the findings of an orthopedic surgeon (IME) who only examined plaintiff on one occasion and corroborated his findings with objective evidence, such as plaintiff's MRI and x-ray results, over that of a treating anesthesiologist specializing in pain management. See Miller v. Clout, XXXX-XXXX (La. 10/21/03), 857 So. 2d 458 (per curiam). Thus, we reject plaintiff's argument that a treating physician's opinion is entitled to greater weight than the opinion of an expert consulted for litigation purposes only. See Miller v. Clout, 857 So. 2d at 462, n. 3. In particular, where the jury heard the plaintiff's testimony concerning her injuries, and was required and able to observe the nuances of her demeanor in evaluating her testimony and credibility, we cannot conclude that the jury's findings are unreasonable. See Miller v. Clout, 857 So. 2d at 463.
Dr. Feldman testified that the minimally invasive procedures and epidural steroid injections provided substantial relief to plaintiff and were very effective in relieving plaintiffs pain. Dr. Flynn testified that he would not have performed any invasive procedures on plaintiff, and further questioned the need and effectiveness of the two procedures performed by Dr. Feldman. In particular, based on his overall review of plaintiffs medical records, Dr. Flynn felt that any pain resulting from an aggravation of plaintiff's condition should have resolved within three or four months after the accident.
Further, despite plaintiff's claim that she had no history of neck problems, the testimony showed that plaintiff was not immediately forthcoming about chiropractic care she received prior to the accident herein; nor did plaintiff disclose that she underwent elective cosmetic surgery after the accident and during the time she was being treated by Dr. Feldman for her alleged intermittent episodes of neck pain. Further, as defendants note, plaintiff failed to disclose on her pre-surgery form that she had been involved in this accident and further denied that she was suffering from any injuries when she submitted to the cosmetic surgery. Moreover, while not determinative, plaintiffs credibility was also placed at issue somewhat when she indicated that she had not been involved in any prior litigation but, was, in fact, a plaintiff in a class action suit.

CONCLUSION
After a thorough review of the record and the relevant jurisprudence, we find the damages awarded by the jury to be reasonable and supported by the record. Thus, we find no abuse of the jury's discretion. Here, the jury was faced with conflicting evidence and testimony concerning the nature, cause, and extent of plaintiffs' injuries, and obviously chose to credit the testimony of Dr. Flynn. Moreover, the jury was required to evaluate and weigh plaintiff's credibility when determining the nature and extent of her injuries and claims. Considering the record in its entirety, we find no error or abuse of discretion by the jury in rendering its awards.
Accordingly, we reject plaintiffs claim on appeal that the amounts awarded by the jury were abusively low and constituted an abuse of discretion. Moreover, we find no error in the jury's rejection of the other damage awards sought by plaintiff. Thus, we affirm the July 25, 2006 judgment rendered in accordance with the jury's verdict. Costs of this appeal are assessed against plaintiff, Paula Gerald McGregor.
AFFIRMED. Page 10>
HUGHES, J., dissenting
I respectfully dissent. I believe there should be an award made for past mental anguish, and I do not consider the questions regarding non-related medicals and a hazardous waste class action law suit as "impeachment."
NOTES
[1] On May 14, 2005, plaintiff married Kerby McGregor and is referred to through the trial transcript as Mrs. McGregor.
[2] A "disc decompression" procedure is described in the record as a minimally invasive  outpatient" procedure involving the release of pressure from the spinal cord and coverings of the spinal cord, in addition to the application of heat either by radio-frequency current or laser in an attempt to seal fissures and cracks in the disc, and thereby reduce inflammation. The entire procedure, including preparation time, generally takes less than one hour.